```
                        United States Bankruptcy Court
                        Middle District of Pennsylvania
In re:                                                              Case No. 19-05163-HWV
Amanda D. Danuski                                                   Chapter 13
        Debtor                    CERTIFICATE OF NOTICE
District/off: 0314-1          User: AutoDocke              Page 1 of 2            Date Rcvd: Feb 25, 2020
                              Form ID: pdf002              Total Noticed: 42


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 27, 2020.
db             +Amanda D. Danuski,    3000 Barley Circle,    Dover, PA 17315-4596
5278111        +BARCLAYS BANK DELAWARE,    ATTN: CORRESPONDENCE,    PO BOX 8801,    WILMINGTON, DE 19899-8801
5278107        +BRENT C. DIEFENDERFER,    CGA LAW FIRM,    135 NORTH GEORGE STREET,    YORK, PA 17401-1132
5293511         Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
5278117        +GREAT LAKES HIGHER ED. CORP.,    ATTN: BANKRUPTCY,    PO BOX 7860,    MADISON, WI 53707-7860
5278118        +JOHNS HOPKINS HOSPITAL,    P.O. BOX 64264,    BALTIMORE, MD 21264-4264
5278119        +KML LAW GROUP,    701 MARKET ST.,    SUITE 5000,    PHILADELPHIA, PA 19106-1541
5278121        +MIDLAND MORTGAGE CO,    ATTN: CUSTOMER SERVICE/BANKRUPTCY,    PO BOX 26648,
                 OKLAHOMA CITY, OK 73126-0648
5301678        +MidFirst Bank,    999 NorthWest Grand Boulevard,    Oklahoma City, OK 73118-6051
5278122         OFFICE OF INSPECTOR GENERAL,    CLAIM ACCOUNTING SECTION,    PO BOX NO. 8032,
                 HARRISBURG, PA 17105
5278109        +PA DEPARTMENT OF REVENUE,    PO BOX 281061,    HARRISBURG, PA 17128-1061
5278124        +PA OFFICE OF VOCATIONAL REHABILITAT,    1521 NORTH 6TH STREET,    HARRISBURG, PA 17102-1100
5278108        +SECRETARY OF TREASURY,    15TH & PENN AVENUE NW,    WASHINGTON, DC 20220-0001
5278128        +TARGET,    ATTN: BANKRUPTCY,    PO BOX 9475,    MINNEAPOLIS, MN 55440-9475
5278130        +U.S. DEPARTMENT OF EDUCATION,    ECMC/BANKRUPTCY,    PO BOX 16408,    SAINT PAUL, MN 55116-0408
5278131        +US BANK/RMS CC,    ATTN: BANKRUPTCY,    PO BOX 6351,    FARGO, ND 58125-6351
5278132        +WOMEN'S HEALTHCARE GROUP,    1693 S. QUEEN STREET,    YORK, PA 17403-4609

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 25 2020 19:46:41
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5278823         E-mail/Text: GUARBKe-courtdocs@ascendiumeducation.org Feb 25 2020 19:44:30
                 Ascendium Education Solutions, Inc.,    PO Box 8961,    Madison WI  53708-8961
5278112        +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Feb 25 2020 19:57:48      CAPITAL ONE,
                 ATTN: BANKRUPTCY,    PO BOX 30285,    SALT LAKE CITY, UT 84130-0285
5278113        +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Feb 25 2020 19:44:46      COMENITYBANK/HOTTPIC,
                 ATTN: BANKRUPTCY DEPT,    PO BOX 182125,    COLUMBUS, OH 43218-2125
5278114        +E-mail/PDF: creditonebknotifications@resurgent.com Feb 25 2020 19:46:41      CREDIT ONE BANK,
                 ATTN: BANKRUPTCY DEPARTMENT,    PO BOX 98873,    LAS VEGAS, NV 89193-8873
5300577         E-mail/PDF: resurgentbknotifications@resurgent.com Feb 25 2020 19:57:36
                 CVI SGP Acquisition Trust,    c/o Resurgent Capital Services,    PO BOX 10587,
                 Greenville, SC 29603-0587
5290210         E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Feb 25 2020 19:57:38
                 Capital One Bank (USA), N.A.,    by American InfoSource as agent,    PO Box 71083,
                 Charlotte, NC  28272-1083
5278115         E-mail/Text: mrdiscen@discover.com Feb 25 2020 19:44:31      DISCOVER FINANCIAL,
                 ATTN: BANKRUPTCY DEPARTMENT,    PO BOX 15316,    WILMINGTON, DE 19850
5280691         E-mail/Text: mrdiscen@discover.com Feb 25 2020 19:44:31      Discover Bank,
                 Discover Products Inc,    PO Box 3025,    New Albany, OH  43054-3025
5278116        +E-mail/Text: GenesisFS@ebn.phinsolutions.com Feb 25 2020 19:45:14      GENESIS BC/CELTIC BANK,
                 ATTN: BANKRUPTCY,    PO BOX 4477,    BEAVERTON, OR 97076-4401
5278110         E-mail/Text: sbse.cio.bnc.mail@irs.gov Feb 25 2020 19:44:40      INTERNAL REVENUE SERVICE,
                 CENTRALIZED INSOLVENCY OPERATION,    P.O. BOX 7346,    PHILADELPHIA, PA 19101-7346
5298061         E-mail/Text: JCAP_BNC_Notices@jcap.com Feb 25 2020 19:44:59      Jefferson Capital Systems LLC,
                 PO Box 7999,    St Cloud MN 56302-9617
5278120        +E-mail/Text: bncnotices@becket-lee.com Feb 25 2020 19:44:35      KOHLS/CAPITAL ONE,
                 ATTN: CREDIT ADMINISTRATOR,    PO BOX 3043,    MILWAUKEE, WI 53201-3043
5297775         E-mail/PDF: resurgentbknotifications@resurgent.com Feb 25 2020 19:57:27      LVNV Funding, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5278123        +E-mail/Text: bankruptcynotices@psecu.com Feb 25 2020 19:45:06     P S E C U,
                 ATTENTION: BANKRUPTCY,    PO BOX 67013,    HARRISBURG, PA 17106-7013
5294877         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 25 2020 19:47:05
                 Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
5289968         E-mail/Text: bankruptcynotices@psecu.com Feb 25 2020 19:45:06      PSECU,    PO BOX 67013,
                 HARRISBURG, PA 17106-7013
5298109         E-mail/Text: bnc-quantum@quantum3group.com Feb 25 2020 19:44:47
                 Quantum3 Group LLC as agent for,    Comenity Bank,    PO Box 788,    Kirkland, WA  98083-0788
5298108         E-mail/Text: bnc-quantum@quantum3group.com Feb 25 2020 19:44:47
                 Quantum3 Group LLC as agent for,    Comenity Capital Bank,    PO Box 788,
                 Kirkland, WA  98083-0788
5278125        +E-mail/Text: BKRMailOPS@weltman.com Feb 25 2020 19:44:44      STERLING JEWELERS/KAY JEWELERS,
                 ATTN: BANKRUPTCY,    375 GHENT RD,    AKRON, OH 44333-4601
5278126        +E-mail/PDF: gecsedi@recoverycorp.com Feb 25 2020 19:46:50      SYNCHRONY BANK/AMAZON,
                 ATTN:  BANKRUPTCY,    PO BOX 965060,    ORLANDO, FL 32896-5060
5278127        +E-mail/PDF: gecsedi@recoverycorp.com Feb 25 2020 19:46:39      SYNCHRONY BANK/CARE CREDIT,
                 ATTN: BANKRUPTCY DEPT,    PO BOX 965060,    ORLANDO, FL 32896-5060
5279157        +E-mail/PDF: gecsedi@recoverycorp.com Feb 25 2020 19:47:03      Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5278129        +E-mail/Text: paparalegals@pandf.us Feb 25 2020 19:45:12      TD BANK USA, N.A.,
                 C/O GREGG MORRIS,    213 E. MAIN STREET,    CARNEGIE, PA 15106-2701
5278133         E-mail/Text: kcm@yatb.com Feb 25 2020 19:44:32      YORK ADAMS TAX BUREAU,    1405 N. DUKE STREET,
                 PO BOX 15627,    YORK, PA 17405-0156
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)
```
                                                                                                TOTAL: 25

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5278106*        +AMANDA D. DANUSKI,    3000 BARLEY CIRCLE,    DOVER, PA 17315-4596
5298613*        +Synchrony Bank,   c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk VA 23541-1021
                                                                                   TOTALS: 0, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 27, 2020                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 25, 2020 at the address(es) listed below:
```
              Brent Diefenderfer    on behalf of Debtor 1 Amanda D. Danuski bdiefenderfer@cgalaw.com,
               tlocondro@cgalaw.com;scomegna@cgalaw.com;rminello@cgalaw.com;kbrayboy@cgalaw.com;jrosenau@cgalaw.
               com;r48835@notify.bestcase.com
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor    MidFirst Bank bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                                 TOTAL: 4
```

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Amanda D. Danuski

CHAPTER 13

CASE NO. 1-bk-19-05163-HWV

✓ ORIGINAL PLAN
___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

__1__ Number of Motions to Avoid Liens
__0__ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ✓ Included | Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | Included | ✓ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ✓ Included | Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ 0 .00 _____ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 34,020.00 _____, plus other payments and property stated in § 1B below:

    | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | 1/2020 | 12/2024 (60m) | $567.00 | 0 | $567.00 | $34,020.00 |
    |  |  |  |  |  |  |
    |  |  |  |  |  |  |
    |  |  |  |  |  |  |
    |  |  |  |  |  |  |
    |  |  |  |  | Total Payments: | $34,020.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE: (✓) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

        ( ) Debtor is over median income. Debtor estimates that a minimum of $_____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $ 0 . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

✓ No assets will be liquidated. *If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

___ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____ _____

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions**. *Check one.*

✓ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

___ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

3

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

✓ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Midland Mortgage | 3000 Barley Circle<br>Dover, PA 17315 | 8828 |
|  |  |  |
|  |  |  |

4

Case 1:19-bk-05163-HWV    Doc 24    Filed 02/27/20    Entered 02/28/20 00:38:14    Desc
Imaged Certificate of Notice    Page 6 of 14

C. **<u>Arrears (Including, but not limited to, claims secured by Debtor's principal residence)</u>.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

✓ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Midland Mortgage | 3000 Barley Circle Dover, PA 17315 | $27,500.00 | 0 | $27,500.00 |
|  |  |  |  |  |
|  |  |  |  |  |

D. **<u>Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)</u>**

✓ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

___ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.* Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

F. <u>**Surrender of Collateral**</u>. *Check one.*

✓   None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___   The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

G. <u>**Lien Avoidance**</u>. *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

___   None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

7

✓ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | TD Bank USA, N.A. | | |
|---|---|---|---|
| Lien Description<br>For judicial lien, include court and docket number. | 2016-NO-2147-31 | | |
| Description of the liened property | 3000 Barley Circle<br>Dover , PA 17315 | | |
| Liened Asset Value | $ 139,000.00 | | |
| Sum of Senior Liens | $142,815.00 | | |
| Exemption Claimed | 100% | | |
| Amount of Lien | $7198.00 | | |
| Amount Avoided | $7198.00 | | |

**3. PRIORITY CLAIMS.**

  **A. <u>Administrative Claims</u>**

    1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

    2. <u>Attorney's fees</u>. Complete only one of the following options:

      a. In addition to the retainer of $_____ already paid by the Debtor, the amount of $_____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $ 295.00_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

    3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

      ✓ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

      ___ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

B. **Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one of the following two lines*.

✓   None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___   The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4))*.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

   A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified.**</u> *Check one of the following two lines.*

   ✓ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   ___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

   | Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
   |---|---|---|---|---|
   |  |  |  |  |  |

   B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   ___ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

   ✓ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

   | Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
   |---|---|---|---|---|---|---|
   | L.A. Fitness | gym | - | - | - | - | Reject |
   | K9 Companions for Independent Living | service dog | - | - | - | - | Assume |
   | Center for Independent Living | modifications on van | - | - | - | - | Assume |

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

✓ plan confirmation.
\_\_\_ entry of discharge.
\_\_\_ closing of case.


**7. DISCHARGE: (Check one)**

(✓) The debtor will seek a discharge pursuant to § 1328(a).
(  ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.



Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

This Plan pays pre-petition mortgage arrears and administrative fees. Attorneys fees are being calculated using the lodestar method, and a fee application will be filed to request any payment.

Dated: 1/16/2020

/s/ Brent C. Diefenderfer
Attorney for Debtor

/s/ Amanda Danuski
Debtor

_____
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

12