IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: AMANDA DANUSKI,<br>Debtor | : | CHAPTER 13 |
| | : | CASE NO. 1:19-bk-05163-HWV |
| JACK N. ZAHAROPOULOS, TRUSTEE,<br>Objectant | : | |
| vs. | : | |
| BRENT C. DIEFENDERFER,<br>Applicant. | : | |

**TRUSTEE'S OBJECTION TO THIRD
APPLICATION OF ATTORNEY FOR CHAPTER 13 DEBTOR
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

NOW COMES Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, who objects, pursuant to 11 U.S.C. § 330(a)(2), to the Third Application of Attorney for Chapter 13 Debtor for Compensation and Reimbursement of Expenses filed on April 12, 2022 and states as follows:

1. Objectant Jack N. Zaharopoulos is the duly appointed Trustee in this case and, therefore, the representative of the Estate under § 323(a).

2. On December 5, 2019, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code.

3. On April 12, 2022, Applicant filed his Third Application for Interim Compensation and Reimbursement of Expenses. (ECF No. 60)

4. The District has determined that $4,500.00 is a presumptively reasonable fee for an attorney representing a Debtor in a Chapter 13 Bankruptcy filed in this District throughout the conclusion of the case. L.R. 2016-2 (c)

5. Prior to the most recent fee request, Applicant has submitted fee applications in this case totaling $6,041.32. (ECF No. 36, and 50)

6. Applicant's Third Fee Application requests an additional $1,471.27 in fees. (ECF No. 60)

7. The Third Fee Application includes charges for services that are duplicative and excessive relative to the complexity of the services performed and are therefore not allowable under § 330(a). Section § 330(a)(6) provides: "Any compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application."

8. On August 3, 2021, Paralegal charged 6 minutes for "E-mail to client to confirm receipt of Second Fee Application". On August 4, 2021, Paralegal charged 6 minutes for "Telephone call to client to confirm receipt and approval of second fee application". On April 4, 2022, Paralegal charged an hour and 12 minutes for "First draft of Third Fee Application including Exhibits, Summary, Notice, and proposed Order, Drafting of cover letter to client forwarding the Third Fee Application for his review". Debtor was charged a total of $154.00 for these services. This is unreasonable when taking into consideration the number of fee applications prepared previously, and the reasonable amount of time allotted to prepare the applications.

9. Additionally, the Fee Application includes charges for services that are unnecessary to the administration of the case and therefore not allowable under § 330(a).

10. Under § 330(a), the Court may award reasonable compensation for actual, necessary services rendered by the attorney and paraprofessionals employed by the attorney, the reasonableness to be based on (i) the nature of the services, (ii) the extent of the services, (iii) the value of the services, (iv) the time spent on the services and (v) the cost of comparable services in non-bankruptcy cases. *See In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 840 (3rd Cir. 1994).

1

11. On October 25, 2021 Paralegal charged 6 minutes to "Accomplish and confirm filing the custody complaint and criminal record verification to the Prothonotary's office; accomplish and confirm scheduling a conciliation conference at the Divorce Master's".

12. This service is domestic in nature and therefore unnecessary to effectuate the administration of the Chapter 13 Bankruptcy plan, as such the service is not allowable under § 330(a).

WHEREFORE, the Trustee respectfully requests this Honorable Court to set a hearing on the Application and, after hearing, appropriately adjust Applicant's request for compensation.

Respectfully submitted,

/s/ Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R. Roeder
Attorney for Trustee

**CERTIFICATE OF SERVICE**

2

AND NOW, this 3rd day of May 2022, I, Douglas R. Roeder, Esquire, hereby certify that I served a copy of this Objection either electronically or by depositing the same in the United States Mail, at Hummelstown, Pennsylvania, postage prepaid, first class, addressed to the following:

Brent C. Diefenderfer, Esquire
CGA Law Firm
135 North George Street
York, PA 17401
E:bdiefenderfer@cgalaw.com

/s/ Elizabeth Fitzgerald
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee

3