When Recorded Mail to:
FIRST AMERICAN TITLE CO.
FAMS-DTO RECORDING
3 FIRST AMERICAN WAY
SANTA ANA, CA 92707-991

Document Prepared by:
Nathan Carmichael
MidFirst Bank
999 N.W. Grand Boulevard, Suite 100
Oklahoma City, OK 73118-6116
1-800-552-3000

Parcel #

Tax ID#

Please cross-reference to: Instrument Number: 2009051924, Book 2040 on Page 6323, YORK County Pennsylvania.

## LOAN MODIFICATION AGREEMENT
### FIXED RATE LOAN

This Loan Modification Agreement ("Agreement"), made by and between **AMANDA D DANUSKI** ("Borrower") and MidFirst Bank, a federally chartered savings association located at 501 N.W. Grand Blvd. Oklahoma City, OK 73118 ("Lender") renews, amends, supplements and extends: (1) the Mortgage, Deed of Trust, or Security Deed ("Security Instrument") originated on 8/28/2009, recorded on 9/2/2009, in Instrument Number: 2009051924, Book 2040 on Page 6323, in YORK County, Pennsylvania and (2) the Promissory Note ("Note") bearing the same date, in the original principal amount of $147,184.00 and secured by, the Security Instrument and other loan documents typically referred to as "addenda" or "riders" (collectively referred to herein as "Loan Documents"), which are secured by the real and personal property described in

Borrower Initial Lines
ADD ____

Page 1 of the Loan Modification Agreement
Order Number

*Please add the appropriate number of initial lines for each signatory over 4

the Security Instrument, located at 3000 BARLEY CIRCLE UNIT 23, DOVER, PA 17315-0000, the real property described being set forth as follows:

See Exhibit "A" attached hereto and made a part hereof.

Parcel

(Herein defined as "Property").

**Capitalized Amount: $0.00**
Being the same property conveyed to AMANDA D. DANUSKI by Deed recorded 9/2/2009 and recorded in Instrument Number: 2009051923 Book 2040 on Page 6319 in YORK County Pennsylvania.

Borrower is in default or at imminent risk of default under the Loan Documents and desires (i) that the Lender forbear from exercising its rights under the Loan Documents, (ii) to extend or rearrange the time and manner of payment of the Note and other obligations due to Lender under the Loan Documents, and (iii) to extend and carry forward the lien(s) on the Property, whether created by the Security Instrument or otherwise. Lender, the legal holder entitled to enforce the Note and of the lien(s) securing the same, has agreed to Borrower's request to so forbear, to extend or rearrange the time and manner of payment of the Note, and to grant certain other financial accommodations pursuant to the terms of this Agreement.

In consideration of the mutual promises and agreements exchanged, and other good and valuable consideration paid by each of the parties to the other, the receipt and sufficiency of which is hereby acknowledged, the parties mutually agree to modify, renew and extend the Note and Security Instrument and any other Loan Documents, as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. **Acknowledgement of Unpaid Balance:**

    Borrower acknowledges that as of the date of the first payment due under this Agreement, Borrower owes Lender the unpaid balance of **$148,433.91 ("Unpaid Balance")**, in addition to the other fees, charges and expenses described in the section of the Agreement entitled "Acknowledgement of Unpaid Fees and Costs." The Unpaid Balance includes unpaid principal of $119,968.88, unpaid interest of $17,595.52, escrows advanced of $10,869.51, and certain unpaid fees of $0.00, less $0.00 in suspense funds.

    Borrower acknowledges that **$28,465.03** of the Unpaid Balance shall be paid by a new loan, extended to Borrower by Department of Housing and Urban Development ("HUD") according to the terms of HUD Partial Claim loan ("Partial Claim Loan") that is memorialized in a Partial Claim Promissory Note and Subordinate Mortgage/Deed of Trust between Borrower and HUD ("HUD Partial Claim Documents"). Borrower shall not be required to make monthly payments to HUD on the Partial Claim Loan but, rather, shall repay that amount to HUD according to the terms of the HUD Partial Claim Documents.

Page 2 of the Loan Modification Agreement
Order

Borrower Initial Lines
AD

*Please add the appropriate number of initial lines for each signatory over 4

Case 1:19-bk-05163-HWV   Doc -1   Filed 08/04/22   Entered 08/04/22 16:50:28   Desc
Exhibit Payment Change Letter   Page 2 of 12

After removal of the Partial Claim Loan amount from the Unpaid Balance, the amount owed by Borrower to Lender under the terms of this Agreement is **$119,968.88** ("Modified Principal Balance"). Borrower hereby renews, extends and promises to pay the Modified Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Modified Principal Balance until the full amount of the Modified Principal Balance and the other amounts due hereunder and under the Loan Documents have been paid in accordance with the terms and conditions of the Loan Documents, as modified by this Agreement. All references in the Loan Documents to "Principal" shall be deemed to refer to the Modified Principal Balance.

2. **Acknowledgement of Unpaid Fees and Costs:**

   Borrower agrees to remain responsible for payment of allowable costs and fees now due and owing ("Unpaid Fees and Costs") plus other allowable late charges, costs, fees and expenses incurred after this Agreement becomes effective (the total sum of which is referred to as "Fees and Costs"). Borrower agrees and acknowledges that Borrower received notice of Unpaid Fees and Costs due as of a date certain prior to execution of this Agreement.

   Lender has agreed to postpone the collection of any outstanding Fees and Costs that are not paid in advance or that are not included in the Modified Principal Balance. Fees and Costs not included in the Modified Principal Balance remain due and owing as part of the debt secured by the Loan Documents to the extent provided in the Loan Documents and as otherwise permissible under applicable law. The outstanding Fees and Costs remain due and payable to Lender and shall be paid by Borrower, with interest, as permitted by the Loan Documents. Furthermore, outstanding Fees and Costs shall be payable to Lender on demand of Lender and shall be secured by the Security Instrument to the extent provided in the Security Instrument and otherwise permissible under applicable laws and requirements.

3. **Interest Calculation:**

   Interest will be calculated at a fixed yearly interest rate of **3.750%**.

4. **Payment Amounts, Time of Payments and Maturity Date:**

   a. Borrower acknowledges and agrees that Borrower shall, beginning on **5/1/2022**, through the Maturity Date, make monthly payments of U.S. **$555.59** for principal and interest and shall continue to make such payments in accordance with the terms and conditions set forth in the Loan Documents until the Modified Principal Balance is paid in full.

   b. An escrow account has been established under the terms and conditions of the Loan Documents. Borrower will make an escrow payment each month on each payment due date. The escrow payment currently is **$315.27** per month, which is subject to change depending on the amounts attributable to taxes, insurance and other escrow items. **The present combined monthly payment and escrow payment will be**

Borrower Initial Lines
ARD  \_\_\_\_

**$870.86**. The escrow payment will be re-analyzed from time to time in accordance with the terms of the Loan Documents to determine the appropriate escrow payment amount so that taxes, insurance, and other escrow items may be paid appropriately. The escrow payment amount will be combined with the monthly principal and interest payment amount.

c. The Maturity Date of the Loan is extended to **4/1/2052**. If Borrower still owes amounts to Lender on the Maturity Date, Borrower will pay these amounts in full on the Maturity Date.

5. **Acknowledgment of Pre-Existing Conditions to Loan Modification:**
The Borrower acknowledges and agrees this Agreement is subject to the following conditions, which must exist at the time this Agreement is executed:

   a. All payments set forth in the Payment Schedule under the Loan Modification Trial Plan Agreement must have been made according to the Payment Schedule;
   b. The Property has no physical conditions that will adversely affect the Borrower's continued use of the Property or interfere with the Borrower's ability to make payments as required under this Agreement; and
   c. The Borrower (one or more) is occupying the Property as the Borrower's primary residence, unless occupancy by a Borrower is expressly not required by applicable Investor or Insurer guidance and program requirements; and
   d. The Lender remains in the first lien position and there are no outstanding liens and/or judgments against the Property; and
   e. If applicable, Bankruptcy Court approval; and
   f. If applicable, all requirements for an assumption of the loan are satisfied and Lender has approved the assumption.

The Borrower acknowledges and agrees that in the event the conditions set forth in this paragraph are not satisfied, this Agreement shall become null and void unless otherwise expressly agreed by Lender in writing. In the event this Agreement becomes null and void as set forth in this paragraph, Borrower acknowledges and agrees all provisions of the Loan Documents shall continue in full force and effect and Lender shall be under no obligation to modify any provision of the Loan Documents under this Agreement.

6. **Place of Payment:**

   Borrower agrees to make payments at the following address or such other place as the Lender may require upon written notice to Borrower:

   Midland Mortgage - A Division of MidFirst Bank
   Attn: Cashiers
   P.O. Box 268888
   Oklahoma City, OK 73126-8888

Borrower Initial Lines

Page 4 of the Loan Modification Agreement
Order Number

*Please add the appropriate number of initial lines for each signatory over 4

Case 1:19-bk-05163-HWV    Doc -1    Filed 08/04/22    Entered 08/04/22 16:50:28    Desc
Exhibit Payment Change Letter    Page 4 of 12

### 7. Adjustable Rate Loan Provisions in Note:

If the interest rate in the Interest Calculation section of this Agreement is calculated as provided in the Note, any rate and payment adjustment provisions in the Note will apply. If the interest rate in the Interest Calculation section of this Agreement is fixed, any rate and payment adjustment provisions in the Note will not apply.

### 8. Sale or Transfer of Property by Borrower:

a. If all or any part of the Property or any interest in it is sold or transferred (or, if Borrower is not a natural person, any beneficial interest in Borrower is sold or transferred) without the Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.

b. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of the designated period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

### 9. Compliance with Loan Documents:

Borrower represents that, except for the payments described in this Agreement, Borrower is in full compliance with the covenants in the Loan Documents and that all of the representations and warranties contained in the Loan Documents are true, correct or satisfied as of the effective date of this Agreement.

### 10. Renewal and Extension:

It is the intention of the parties that all liens and security interests described in the Loan Documents are hereby renewed and extended until the Modified Principal Balance and other obligations to Lender, have been fully paid. Borrower and Lender acknowledge and agree that the extension, amendment, modification or rearrangement effected by this Agreement shall in no manner affect or impair the Note or the liens and security interests securing the Note. The parties mutually agree that the purposes of this Agreement is to extend, modify, amend or rearrange the time and manner of payment of the Loan Documents and the indebtedness evidenced thereby, and to carry forward all liens and security interests (including, if applicable, any and all vendor's liens), which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect to fully secure the payment of the Note.

### 11. No Waiver of Lender's Rights Regarding Default:

All the rights, remedies, stipulations, and conditions contained in the Loan Documents relating to default in the making of payments under the Loan Documents also shall apply to default in the making of the modified payments hereunder. Nothing contained herein

Page 5 of the Loan Modification Agreement
Order Num

Borrower Initial Lines
ROD

*Please add the appropriate number of initial lines for each signatory over 4

Case 1:19-bk-05163-HWV    Doc -1    Filed 08/04/22    Entered 08/04/22 16:50:28    Desc
Exhibit Payment Change Letter    Page 5 of 12

shall be deemed to be a waiver by Lender of any terms or conditions of the Loan Documents as modified by this Agreement. This Agreement shall in no way be deemed to be a waiver of Lender's rights and remedies by reason of any default by Borrower under the Loan Documents as herein modified, including without limitation future payment defaults. Nothing in this Agreement shall constitute an agreement by Lender to any future modification of the Loan Documents and Lender expressly reserves the right to refuse to agree to any future modifications.

## 12. Bankruptcy:

If, since inception of this loan through date of this Agreement, Borrower has received a discharge in a Chapter 7 bankruptcy and there has been no valid reaffirmation of the underlying debt, the Lender is not attempting to re-establish any personal liability for the underlying debt by entering into this Agreement. The parties acknowledge that Lender retains certain rights, including but not limited to, the right to foreclose its interest in the property under appropriate circumstances. The parties agree that the consideration for this Agreement is the Lender's forbearance from presently exercising its right and pursuing its remedies under the Security Instrument as a result of Borrower's default. The parties agree that if approval of this Agreement by the Bankruptcy Court is required and not received, this Agreement shall be null and void and of no further force or effect.

## 13. Loan Documents Remain In Full Force and Effect:

The provisions of the Loan Documents, as amended by this Agreement, shall continue in full force and effect, and Borrower acknowledges and reaffirms Borrower's liability to Lender under the Loan Documents, subject to the terms of the Bankruptcy section of this Agreement. In the event of any inconsistency between this Agreement and the terms of the Loan Documents, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a novation, satisfaction or release, in whole or in part, of the Loan Documents. Except as otherwise specifically provided in this Agreement, the Loan Documents remain unchanged, and Borrower and Lender are bound and must comply with all of the terms and provisions of the Loan Documents, except as amended by this Agreement.

## 14. Execution of Additional Documentation:

Borrower agrees to make and execute other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement, which if approved and accepted by Lender, shall be incorporated into this Agreement and shall bind and inure to Borrower's heirs, executors, administrators, and assigns.

## 15. Miscellaneous:

a. Lender does not, by execution of this Agreement, waive any rights it may have against any person not a party to the Agreement.

Borrower Initial Lines
P-QD  ____

b. If any court of competent jurisdiction shall declare any provision of this Agreement to be invalid, to any extent, the remainder of the Agreement shall not be affected thereby and shall continue in full force and effect to bind the parties.

c. This Agreement may be executed simultaneously in any number of counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same Agreement.

d. This Agreement shall be governed by the laws of the state where the Property is located.

16. **Effective Date:**

This Agreement is effective upon the execution of this Agreement by Lender and Borrower.

**IMPORTANT: READ BEFORE SIGNING. THE TERMS OF THIS LOAN MODIFICATION AGREEMENT, TOGETHER WITH THE LOAN DOCUMENTS AND ANY EXHIBITS AND SCHEDULES THERETO, REPRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND CONTROL OVER ALL PRIOR NEGOTIATIONS, AGREEMENTS AND UNDERTAKINGS BETWEEN THE PARTIES WITH RESPECT TO SUCH MATTER. ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN AGREEMENT MAY BE LEGALLY ENFORCED. THIS LOAN MODIFICATION AGREEMENT MAY BE AMENDED OR CHANGED ONLY BY A WRITTEN INSTRUMENT EXECUTED BY THE PARTIES OR THEIR AUTHORIZED ASSIGNEES.**

Borrower Initial Lines
POO

**BORROWER**

_____
AMANDA D DANUSKI

## Acknowledgement

STATE OF Pennsylvania        )
                             ) SS:
COUNTY OF YORK               )

On the 30th day of March, 2022, before me, the undersigned, a notary public in and for said state, personally appeared **AMANDA D DANUSKI**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public

Vicki M. Runkle
Printed name of notary

County of Residence: York
Commission Number: 1204008
My Commission Expires: 1/14/2024

Commonwealth of Pennsylvania - Notary Seal
VICKI M RUNKLE - Notary Public
York County
My Commission Expires Jan 14, 2024
Commission Number 1204008

Page 8 of the ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮reement
Order Number ▮▮▮▮▮▮

LENDER

MidFirst Bank, a federally chartered savings association located at 501 N.W. Grand Blvd. Oklahoma City, OK 73118

_____
Vice President, MidFirst Bank

Kasey Lore
_____
Printed Name

Acknowledgement

STATE OF OKLAHOMA   )
                    ) SS:
COUNTY OF OKLAHOMA  )

On the 27 day of April, 2022, before me, the undersigned, a notary public in and for said state, personally appeared **Kasey Lore**, who acknowledged himself/herself/themselves to be a Vice President of MidFirst Bank, a federally chartered savings association located at 501 N.W. Grand Blvd. Oklahoma City, OK 73118, and who is personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity as Vice President of MidFirst Bank, a federally chartered savings association located at 501 N.W. Grand Blvd. Oklahoma City, OK 73118, and that by his/her/their signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public

Kriston Noelle Ahlefeld
_____
Printed Name of Notary

County of Residence: CLEVELAND

My Commission Expires: JAN 2 4 2023

**Exhibit "A"**

ALL THAT CERTAIN UNIT IN THE PROPERTY KNOWN, NAMED AND IDENTIFIED AS WHEATLAND CONDOMINIUM SITUATE IN DOVER TOWNSHIP, YORK COUNTY, PENNSYLVANIA, WHICH IS HERETOFORE BEEN SUBMITTED TO THE PROVISIONS OF THE UNIFORM CONDOMINIUM ACT, 68 P.S. 3101 ET. SEQ. BY THE RECORDING IN THE DEPARTMENT OF RECORDS OF YORK COUNTY, PENNSYLVANIA, A CERTAIN DECLARATION INCLUDING PLATS AND PLANS ATTACHED THERETO MARKED AS EXHIBITS DATED AND RECORDED IN LAND RECORD BOOK 1640, AT PAGE 5452, PLAN BOOK GG, PAGE 2274, FIRST AMENDMENT TO DECLARATION OF CONDOMINIUM THERETO DATED JULY 8, 2004, RECORDED JULY 12, 2004, IN YORK COUNTY, PENNSYLVANIA, LAND RECORD BOOK 1664, PAGE 5049, AND PLAN BOOK GG, PAGE 2300; SECOND AMENDMENT TO DECLARATION OF CONDOMINIUM DATED DECEMBER 22, 2004, RECORDED DECEMBER 23, 2004 IN YORK COUNTY, PENNSYLVANIA, IN LAND RECORD BOOK 1695, PAGE 7201, AND PLAN BOOK GG, PAGE 2363; THIRD AMENDMENT TO DECLARATION OF CONDOMINIUM DATED MARCH 23, 2005, RECORDED MARCH 30, 2005, IN YORK COUNTY, PENNSYLVANIA, IN LAND RECORD BOOK 1714, PAGE 1087 AND PLAN BOOK GG, PAGE 2403; FOURTH AMENDMENT TO DECLARATION OF CONDOMINIUM DATED JUNE 13, 2005, RECORDED JUNE 24, 2005, IN YORK COUNTY, PENNSYLVANIA IN LAND RECORD BOOK 1734, PAGE 5215, AND PLAN BOOK GG, PAGE 2444; FIFTH AMENDMENT TO DECLARATION OF CONDOMINIUM DATED JUNE 20, 2005 RECORDED JUNE 28, 2005, IN YORK COUNTY, IN LAND RECORD BOOK 1735, PAGE 1234.

BEING DESIGNATED AS UNIT NO. 63 AND KNOWN AS 3080 BARLEY CIRCLE, DOVER, PA 17315.

UNDER AND SUBJECT TO ANY AND ALL COVENANTS, CONDITIONS, RESTRICTIONS, RIGHTS OF WAY, EASEMENTS, TRUSTS AND AGREEMENTS OF RECORD IN THE AFORESAID OFFICE OF THE RECORDER OF DEEDS OF YORK COUNTY, PENNSYLVANIA, CONTAINED IN THE AFORESAID DECLARATION, THE CERTIFICATE OF SUBSTANTIAL COMPLETION OF STRUCTURAL COMPONENTS AND MECHANICAL SYSTEMS AND THE CERIFICATE OF SUBSTANTIAL COMPLETION OF THE AFORESAID UNIT, RECORDED CONTEMPORANEOUSLY HEREWITH.

THE GRANTEE, FOR AND ON BEHALF OF THE GRANTEE AND GRANTEE'S HEIRS, PERSONAL REPRESENTATIVES, SUCCESSORS AND ASSIGNS, BY THE ACCEPTANCE OF THE DEED, COVENANTS AND AGREES TO PAY SUCH CHARGES FOR MAINTENANCE, REPAIRS, REPLACEMENTS AND OTHER EXPENSES IN CONNECTION WITH THE COMMON ELEMENTS, AND ANY LIMITED COMMON ELEMENTS APPURTENANT TO SAID UNIT, AS MAY BE ASSESSED AGAINST HIM, HER, THEM OR SAID UNIT, FROM TIME TO TIME BY THE EXECUTIVE BOARD OF THE WHEATLAND CONDOMINIUM OWNERS ASSOCIATION IN ACCORDANCE WITH THE PENNSYLVANIA UNIFORM CONDOMINIUM ACT AND FURTHER COVENANTS AND AGREES THAT THE

UNIT CONVEYED BY THIS DEED SHALL BE SUBJECT TO A LIEN FOR ALL AMOUNT SO ASSESSED EXCEPT INSOFAR AS SECTION 3407 (C) OF THE AFORESAID ACT MAY RELIEVE A SUBSEQUENT UNIT OWNER OF LIABILITY FOR PRIOR UNPAID ASSESSMENTS. THIS COVENANT SHALL RUN WITH AND BIND THE LAND HEREBY CONVEYED AND ALL SUBSEQUENT OWNERS THEREOF.

**Parce** ▮

**Tax I** ▮

Page 11 of the Loan Modification Agreement
Order Numb ▮



## CERTIFICATE OF RESIDENCE

**MORTGAGE MODIFICATION AGREEMENT**
TITLE OF DOCUMENT

BETWEEN:

**AMANDA D DANUSKI**
(ASSIGNOR/MORTGAGOR/GRANTOR)

AND

**MIDFIRST BANK**
(ASSIGNEE/MORTGAGEE/GRANTEE)

The precise address of the within ASSIGNOR/MORTGAGOR/GRANTOR is:

**3000 BARLEY CIRCLE UNIT 23  DOVER, PA  17315-0000**

BORROWER

_____ (SEAL)   3/30/2022
AMANDA D DANUSKI                DATE

Loan ID ████